IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**THEODORE A. ANDERSON**                                          **PETITIONER**

**VS.**                       **CASE NO. 5:16CV00088 SWW/PSH**

**WENDY KELLEY, Director of the**
**Arkansas Department of Correction**                     **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Theodore A. Anderson ("Anderson"), an inmate in the custody of the Arkansas Department of Correction (ADC), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Following a 2007 bench trial in Saline County, Anderson was convicted of rape, residential burglary, and third degree domestic battery, and was sentenced to twenty years' imprisonment in the ADC. Anderson's direct appeal was unsuccessful. *Anderson v. State*, 2008 WL 442598 (Ark. App. 2008). Anderson later sought state habeas corpus relief pursuant to Act 1780 of 2001 Acts of Arkansas. Ark. Code Ann. § 16-112-201 to 208 (Repl. 2006). The trial court denied relief, and the Supreme Court of Arkansas affirmed. *Anderson v. State*, 2009 Ark. 467. In 2010, Anderson sought relief in

the Circuit Court of Lincoln County, arguing that the trial court (Saline County) was without jurisdiction to consider his case, and that his right to a speedy trial was violated. The Circuit Court of Lincoln County denied relief. In 2011, Anderson sought federal habeas corpus relief with this Court, alleging he received ineffective assistance of counsel, was denied a speedy trial, and the trial judge lacked jurisdiction to hear his case. *Anderson v. Hobbs*, Case No. 5:11CV00149. This case was dismissed with prejudice on September 19, 2011. Anderson filed a notice of appeal, and both this Court and the Eighth Circuit Court of Appeals denied his application for a certificate of appealability. In 2014 Anderson again petitioned the Circuit Court of Lincoln County, seeking state habeas corpus relief. Apparently relief was denied on February 9, 2015.[1]

The current petition, filed on March 21, 2016, advances claims targeting the 2007 Saline County convictions for rape, residential burglary, and third degree domestic battery. There is no showing that Anderson has sought or received permission from the Eighth Circuit Court of Appeals to file the instant petition. Respondent Wendy Kelley ("Kelley") moves to dismiss the current petition for failing to seek or receive permission from the Eighth Circuit Court of Appeals to file this successive petition.

28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The statutory language is clear that permission must be received before an applicant may file a successive petition with the district court. As a result, we recommend that the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has

---

[1] Anderson's petition for federal habeas corpus relief recites that he did not receive a hearing, that the result of this petition was "N/A," and the date of the result was February 9, 2015. Petition, page 3.

made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 25th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE